LEO McDONALD v. J. H. HUNTER, Sheriff.

151 So. 491.
Division A.
Opinion Filed December 20, 1933.

*John F. Harrell, Sheppard & Clements* and *Waller & Pepper,* for Petitioner;

*Alfred T. Airth, Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, for Respondent.

PER CURIAM.—This case is before us on writ of habeas corpus and return of the sheriff to the writ.

Petitioner was convicted of the commission of a misdemeanor and was adjudged to pay a fine of $100.00 and the costs and, in default of the payment of the fine and

costs to be confined in the county jail for a definite period of time. He paid the fine and all costs except the sheriff's costs, which he declined to pay and was, therefore, committed to jail.

The petitioner contends that as Hamilton County has a population of less than ten thousand persons and as the statutes of Florida attempt to fix one scale of fees to be paid to sheriffs in counties having a population of more than ten thousand and a different and higher scale of fees to be paid to sheriffs in counties having a population of less than ten thousand that the statutes effect an unconstitutional discrimination against persons required to pay costs in the counties of the smaller population. If such a discrimination exists it was brought about by the passage of Chapter 15984, Acts of the Legislature of 1933. If this Act is invalid because of creating an unconstitutional discrimination, then the prior existing valid Acts of the Legislature fixing the fees of sheriffs must stand as the law of this State and those Legislative Acts are not attacked here. It was under the provisions of prior statutes that the cost which petitioner declines to pay were calculated. Therefore, the amount of cost which petitioner is required to pay is not affected by the provisions of Chapter 15984, *supra,* and his rights or interests are in nowise affected by that Act.

Petitioner has no interest which will constitute a basis upon which he may question the validity of Chapter 15984, *supra.*

For the reasons stated, petitioner is remanded to the custody of the respondent.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.

ELLIS, J., not participating.